UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAD HASSAN,<br><br>                              Plaintiff,<br><br>v.<br><br>ANNETTE BAXTER,<br><br>                              Defendant. | Case No.: 3:25-cv-869-CAB-AHG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Doc. No. 16] |

Plaintiff Imad Hassan ("Plaintiff" or "Hassan") filed his original Complaint in this action on April 11, 2025, naming Annette Baxter ("Defendant" or "Baxter") as the sole defendant. [Doc. No. 1.] On April 14, 2025, the Court *sua sponte* dismissed the Complaint with leave to amend on the grounds that it was "nearly blank" and did not "give any notice of the claims at issue against Defendant." [Doc. Nos. 1, 4.] Plaintiff then filed a First Amended Complaint ("FAC"), again naming Baxter as the only defendant. [Doc. No. 7.] Now pending before the Court is Defendant's motion to dismiss the FAC under (1) Fed. R. Civ. P. 12(b)(5) for failure to effect proper service on Baxter and (2) under 12(b)(6) because individual union employees cannot be held personally liable for alleged breaches of a union's duty of fair representation. [Doc. No. 16.] For the following reasons, the Court **GRANTS** Defendant's motion to dismiss.

///

1

## I.     BACKGROUND

Plaintiff is a former employee of Kaiser Permanente ("Kaiser") under a collective-bargaining agreement between Kaiser and Office Professional Employees and International Union Local 30 ("OPEIU").  [FAC at 7–8; Doc. No. 16 at 3.]  The FAC alleges that Baxter—OPEIU's former Director of Member Services—breached the duty of fair representation under Section 301 of the Labor-Management Relations Act ("LMRA") by declining to arbitrate a grievance challenging Plaintiff's termination.  [FAC at 3, 5, 7; Doc. No. 16 at 3.]

The docket reflects several unsuccessful attempts by Plaintiff to serve Defendant.  [Doc. Nos. 8, 14, 15.]  The latest reflects that on January 2, 2026, Plaintiff appears to have personally delivered a summons to the San Diego Office of OPEIU.  [Doc. Nos. 15.]  Baxter attests that she retired from OPEIU on April 5, 2025 and has not returned to OPEIU's office since then.  [Doc. No. 16 at 3.]

## II.    DISCUSSION

Defendant filed her motion to dismiss on February 17, 2026; it indicated a hearing date on the motion of March 24, 2026.  [Doc. No. 16 at 1.]  Under Local Rule 7.1, Plaintiff was required to file an opposition to Defendant's motion "not later than fourteen (14) calendar days prior to the noticed hearing" or file a notice of non-opposition.  CivLR 7.1(e)(2), 7.1(f)(3)(a).  Plaintiff's response was therefore due on March 10, 2026.  To date, Plaintiff has not filed any opposition or a statement of non-opposition.  Under Local Rule 7.1(f)(3)(c), this "failure may constitute a consent to the granting of a motion or other request for ruling by the Court."  Given the numerous opportunities the Court has given the Plaintiff to timely and correctly pursue this case, the Court heeds Local Rule 7.1(f)(3)(c) and **GRANTS** Defendant's motion to dismiss.

The Court would come to the same conclusion based on the merits of the motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  LMRA § 301(b) expressly provides that a labor organization "may sue or be sued as an entity" and that any judgment "shall not be enforceable against any individual member or his assets."  29 U.S.C.

§ 185(b).  Courts have thus long held that claims against a union under the LMRA—including a duty of fair representation claim—may be asserted only against the union as an entity, not against individual union officers, employees, or agents, such as Defendant Baxter.  *See Peterson v. Kennedy*, 771 F.2d 1244, 1256 (9th Cir. 1985) ("It has long been recognized that union officers and employees are not individually liable to third parties for acts performed as representatives of the union in the collective bargaining process."); *Evangelista v. Inlandboatmen's Union of Pac.*, 777 F.2d 1390, 1400 (9th Cir. 1985) ("The language of section 301(b) and the Supreme Court's decision in *Atkinson* also provide a shield for individual union members in suits for breach of the duty of fair representation.").  Here, the sole defendant is Baxter.  The union itself is not a named defendant.  Plaintiff's Complaint must therefore be dismissed under Rule 12(b)(6) for failure to state a claim.[1]

## III.    CONCLUSION

The Court will provide Plaintiff one last opportunity to file a Second Amended Complaint which remedies the deficiencies identified in this and any of the Court's previous orders.  Plaintiff's Second Amended Complaint must adhere to this Court's Local Rules and the Federal Rules of Civil Procedure.  The Second Amended Complaint must be filed by **May 1, 2026** and proof of service must be filed by **May 8, 2026**.  Otherwise, the Court will dismiss this case with prejudice under Fed. R. Civ. P. 41(b).

It is **SO ORDERED**.

Dated:  April 9, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Finally, given the ruling on the motion to dismiss under Rule 12(b)(6), the Court need not address Defendant's additional bases for dismissal for lack of personal jurisdiction over Defendant and for failure to effect service.  However, the Court notes that "dismissals for failure to effect service and for lack of personal jurisdiction should be without prejudice." *Frerks v. Wolf*, 840 F. App'x 311, 312 (9th Cir. 2021).

3

3:25-cv-869-CAB-AHG