UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMAD HASSAN, Plaintiff, v. OPEIU LOCAL 30, Defendant. | Case No.: 3:25-cv-0869-CAB-AHG **ORDER DENYING MOTION TO DISMISS** [Doc. No. 23] |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. [Doc. No. 23.] For the reasons set forth below, the motion is **DENIED.**

## I. BACKGROUND

Plaintiff Imad Hassan ("Plaintiff"), proceeding pro se, alleges that the Office Professional Employees and International Union Local 30 ("Defendant" or "OPEIU") breached the duty of fair representation under the Labor-Management Relations Act ("LMRA"). [Doc. No. 20 ("SAC") at 4.]

Plaintiff filed his original Complaint on April 11, 2025, naming Annette Baxter ("Baxter")—OPEIU's former Director of Member Services—as the sole defendant. [Doc. No. 1 ("Complaint").] On April 14, 2025, the Court *sua sponte* dismissed the Complaint with leave to amend because it was "nearly blank" and therefore failed to show federal

jurisdiction. [Doc. No. 4.] On May 7, 2026, Plaintiff filed a First Amended Complaint, alleging the LMRA as the basis for federal question jurisdiction and again naming Baxter as the sole defendant. [Doc. No. 7 ("FAC").] The FAC alleges that Baxter wrongfully declined to arbitrate a grievance challenging Plaintiff's termination. [FAC at 2, 7; Doc. No. 16 at 3.]

After no docket activity occurred for over six months, the Court issued Plaintiff an Order to Show Cause for failure to prosecute. [Doc. No. 9.] Plaintiff then mailed a copy of the FAC and summons to the OPEIU San Diego office, which was received by an OPEIU employee on January 5, 2026. [Doc. No. 16 at 3, 10.] This employee gave the documents to Marianne Giordano—OPEIU's Executive Director/CFO—who instructed the employee to scan and send the documents to OPEIU's counsel. [Doc. No. 16 at 10.]

On April 9, 2026, the Court dismissed the FAC with leave to amend because individual union officers, employees, or agents cannot be liable for a union's violation of the LMRA. [Doc. No. 19.]

On April 29, 2026, Plaintiff filed his Second Amended Complaint, removing Baxter and naming OPEIU as the sole defendant. [SAC at 1.] OPEIU filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claim is barred by the six-month statute of limitations applicable to a duty of fair representation claim under the LMRA. [Doc. No. 23 at 4, 5.]

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If the complaint exhibits that "relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

## III. DISCUSSION

OPEIU argues that Plaintiff's claim is barred by the applicable six-month statute of limitations because Plaintiff filed the SAC approximately one year after the statute of limitations had elapsed. [Doc. No. 23.] *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158 (1983) (concluding that National Labor Relations Act's six-month statute of limitations governs duty of fair representation claims under LMRA).

The Court allowed Plaintiff to amend his FAC to change a party, so Federal Rule of Civil Procedure 15(c)(1)(C) governs. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010).

### A. Relation Back under Rule 15

Rule 15(c) "governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." *Id.* Rule 15(c)(1)(C) requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out" in the original pleading. Rule 15(c)(1)(C)(i) provides that "within the period provided by Rule 4(m)," the amended party must have received notice of the action, so that it will not be "prejudiced in defending on the merits." Rule 15(c)(1)(C)(ii) requires that the amended defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity."

The *Krupski* Court determined that "constructive notice of the action" satisfies notice under Rule 15(c). *Id.* at 545; *see also Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1399 (9th Cir. 1984) ("[T]he notice required under Rule 15(c) could be either formal or informal so long as the party to be added was not prejudiced in maintaining its defense on the merits"). The Ninth Circuit has found that a "community of interest" relationship between the amended defendant and the original defendant amounts to constructive notice. *See Korn*, 724 at 1400–01; *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1503 (9th Cir. 1994) (finding community of interest between shipping company and its claims agent and noting shared legal representation). Other circuits recognize the

relationship when parties are "so closely related in their business operations or other activities that the institution of an action against one serves to provide notice" to the other. *G.F. Co.*, 23 F.3d at 1503 (citing 6A Charles Miller, et al., *Federal Practice and Procedure* § 1499 at 146 (2d ed. 1990)).

Further, the Ninth Circuit finds that a defendant brought in by amendment is not prejudiced when they share counsel with the original defendant. *See id.*; *Mayshack v. Gonzales*, 437 Fed. Appx. 615, 621 (9th Cir. 2011) (finding that the amended defendant was not prejudiced because his attorney conducted discovery for the original defendant).

The *Krupski* court held that a plaintiff's knowledge of a party's "existence does not preclude her from making a mistake with respect to that party's identity." 560 U.S. at 549. "A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B." *Id.* "The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him." *Id.* In determining whether an amended defendant knew or should have known that the lawsuit was supposed to be filed against it but for a mistake, the Ninth Circuit looks to the text of the complaint. *See G.F. Co.*, 23 F.3d at 1504; *Krupski*, 560 U.S. at 554.

### B. Plaintiff's Second Amended Complaint (SAC) Relates Back

Defendant does not dispute whether the SAC's claim arises out of the same conduct, transaction, or occurrence. Instead, Defendant argues that (1) the only complaint filed within the statute of limitations was the "nearly blank" Complaint, which could not have notified OPEIU of the action; and (2) OPEIU did not receive notice of the action "within the period provided by Rule 4(m)." [Doc. No. 26 at 4.]

The Court disagrees and instead finds that the SAC relates back to Plaintiff's original Complaint, which was undisputedly filed within the statute of limitations on April 11, 2025. Though the form portion of the Complaint was largely blank, Plaintiff included a narrative that stated in the very first sentence that "[t]he Union OBEUIE [sic] local 30 violated it[s] duty of representation." [Doc. No. 1-2 at 2.]

Plaintiff then filed his FAC on May 7, 2025. The Court granted Plaintiff extended time to serve Baxter by February 20, 2026. [Doc. No. 11.] Federal Rule of Civil Procedure 4(m) provides that courts must "extend the time for service" if the plaintiff can show good cause for their failure to serve the defendant.

An OPEIU employee attested to receiving the summons and FAC within this time period, providing them to OPEIU's Executive Director/CEO, and sending them to OPEIU's counsel. [Doc. No. 16-1 at 2–3.] The Court finds that OPEIU received notice of the action against an employee, officer, or agent of the organization within the extended Rule 4(m) period, used the same attorney to respond to the FAC against Baxter and the SAC against OPEIU, knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity, and will not be prejudiced by defending the merits of this action. *See G.F. Co.*, 23 F.3d at 1503 (original defendant was an agent of the amended defendant, so the court found that a community of interest existed between the parties); *Mayshack*, 437 Fed. Appx. at 621 (original defendant was amended defendant's employer, and the parties shared an attorney, so the court found a community of interest).

OPEIU also argues that Plaintiff does not establish a mistake concerning the proper party's identity, and therefore the SAC does not relate back. [Doc. No. 26 at 5.] Again, the Court disagrees. In *Krupski*, the plaintiff sued the North American agent for a cruise line rather than the Italian operator of the cruise line. 560 U.S. at 543. The court determined the plaintiff made a mistake, as opposed to a "fully informed decision," because "the face of the complaint" showed that the plaintiff meant to sue the operator. *Id.* at 552, 555. Therefore, the amended defendant should have known that the action was meant to be brought against it, but for the plaintiff's mistake. *Id.* at 554–55.

Here, according to Defendant, Plaintiff's decision to sue Baxter was a "fundamental misunderstanding of which type of defendant bears liability" for this kind of lawsuit. [Doc. No. 26 at 5.] However, a mistake regarding liability is comparable to the mistake regarding "status" laid out in *Krupski*. Further, Plaintiff alleged that OPEIU "violated its duty of

representation" on both the original Complaint and the FAC, wrote the Union's address as Baxter's address in both complaints, and addressed Baxter as the Union's Director of Member Services in both complaints. [Complaint at 2, 8; FAC at 2, 13.] Thus, the face of the Complaint shows that Plaintiff understood Baxter was acting on behalf of the Union and wanted to sue a liable party. Defendant cites opinions on the distinction between mistaken liability and mistaken identity; these opinions were decided before *Krupski* clarified the parameters of a mistake, are not binding on this Court, or have distinguishable facts. The Court finds that Plaintiff's decision to sue Baxter was a mistake under Rule 15(c) and Defendant should have known that this action was meant for it.

## IV. CONCLUSION

Defendant's Motion to Dismiss for failure to state a claim is **DENIED.** Defendant shall file an answer to the Second Amended Complaint by August 21, 2026.

It is **SO ORDERED.**

Dated: July 29, 2026

Hon. Cathy Ann Bencivengo
United States District Judge